IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHESTER LOWE HUFF, | § | |
| TDCJ-CID #582855, | § | |
| v. | § | CASE NO. 2:11-cv-148 |
| | § | |
| KIMBERLY PUNDT, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
CERTAIN CLAIMS AND RETAINING CASE**

This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, plaintiff's Eighth Amendment claims alleging unconstitutional conditions of confinement against Kimberly Pundt and Officer T. Frances Ellison-Cook are retained, and service ordered on these two defendants. Plaintiff's Eighth

Amendment claims against Lieutenant Luis Pulido, Sergeant Benjamin Ramirez, and Lieutenant Michelle Cabrera are dismissed for failure to state a claim and/or frivolous pursuant to 28 U.S.C. §1915(e)(2)(B) and §1915A(b)(1). Plaintiff's retaliation claims against the remaining defendants are dismissed because plaintiff raised those identical claims in Case No. 2:11cv149, and those claims have been addressed in that action.

## I.     Jurisdiction.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff (D.E. 10), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment.  (D.E. 11).  See 28 U.S.C. § 636(c).

## II.    Factual background and plaintiff's allegations.

Plaintiff Chester Lowe Huff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the McConnell Unit in Beeville, Texas.  He filed this action on May 4, 2011, alleging, *inter alia*, unconstitutional conditions of confinement concerning a hazardous shower located in administrative segregation.  (D.E. 1).  He named the following twelve individuals as defendants: (1) Kimberly Pundt; (2) Lieutenant Luis Pulido; (3) Officer Billy Raab; (4) Sergeant Benjamin Ramirez; (5) Officer Sylvia Jimenez; (6) Officer Cantu; (7) Officer Herrera; (8) Officer T. Frances Ellison-Cook; (9) Warden Norris Jackson; (10) Lieutenant Michelle Cabrera; (11) Tamara McCullough; and (12) Sandra Castaneda.  Plaintiff also filed

a pleading entitled "motion to state a claim for relief," which was construed as a supplement to his original complaint. (See D.E. 2, 7).

A Spears[1] hearing was conducted on June 9, 2011. The following allegations were made in plaintiff's original complaint (D.E. 1), supplement to his complaint (D.E. 2), and/or at the hearing.[2]

On April 20, 2010, plaintiff was assigned to administrative segregation (ad. seg).

In November 2010, plaintiff complained to Lieutenant Stroley and Sergeant Ramirez that the shower in A-Pod, B-section, one-row, ("the unsafe shower") posed a dangerous risk to his health and safety because the light was broken out, and live electrical wires were hanging down, which an inmate could accidently touch while reaching for a towel or clothing. In addition, the light fixture itself was rusted and in need of replacement. The shower was also dangerous because the light was broken rendering the lighting in the shower inadequate. Upon inspection of the shower, Sergeant Ramirez ordered that the unsafe shower not be used until it was repaired. Sergeant Ramirez told plaintiff that he called the Maintenance Supervisor, Kimberly Pundt, and informed her about the shower.

On January 30, 2011, Lieutenant Pulido came to plaintiff's cell to escort him to take a shower. Lieutenant Pulido escorted plaintiff to the unsafe shower. Plaintiff objected, and

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

[2] At the hearing, plaintiff acknowledged that he had raised his retaliation claims against Officer Billy Raab, Officer Sylvia Jimenez, Officer Cantu, Officer Herrera, Warden Norris Jackson, Tamara McCullough, and Sandra Castaneda in Case No. 2:11cv149, and that dismissal of those claims from this lawsuit was appropriate. Accordingly, those claims are dismissed.

he told Lieutenant Pulido that the shower was not safe. Lieutenant Pulido commented that he was "not worried about the shower," but he did not look in the shower or otherwise verify what plaintiff was alleging. However, Lieutenant Pulido did not force plaintiff to take a shower in the unsafe shower, but instead, returned plaintiff to his cell.

On January 15, 2011, a new light bulb was put in the shower's light fixture, and the hanging wires were repaired; however, with the light, it was now possible to see that the shower was filthy, with used band-aids and other debris covering the floor, and altogether unsanitary. In addition, the rusted light fixture remained.

On January 31, 2011, Officer Raab ordered plaintiff to use the unsafe shower, or receive a disciplinary case. Plaintiff objected and related that Sergeant Ramirez had ordered that the unsafe shower not be used. Officer Raab said that Sergeant Ramirez was now instructing officers to use the shower.

On February 2, 2011, Officer Jimenez ordered plaintiff to use the unsafe shower, and stated that if he did not, he would be denied a shower. Officer Jimenez told plaintiff that Sergeant Ramirez said to use the unsafe shower.

Plaintiff wrote Kimberly Pundt an I-60 request to repair the shower, and he also filed grievances against her for not repairing the shower. Ms. Pundt denied plaintiff's complaints stating that he did not have enough evidence, but in response to another inmate's grievance, she acknowledged that the shower was unsanitary and dangerous.

Plaintiff complained about the unsafe shower in to Safety Officer T. Frances Ellison-Cook in December 2010, and on February 2, 2011, Officer Cook responded only to

plaintiff's February grievance stating that "the issue had been addressed." Officer Ellison-Cook never came to inspect the shower herself.

On March 14, 2011, plaintiff told Lieutenant Cabrera that the unsafe shower was unsanitary and needed to be cleaned. She responded that the night shift was in charge of cleaning the showers, but indicated that she would write a work order to maintenance. However, by March 19, 2011, the shower was still not clean. Plaintiff complained to other officials who instructed a janitor to clean the shower.

### III. Legal Standard.

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

### IV. Discussion.

#### A. Unconstitutional conditions of confinement.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials must provide humane conditions of confinement; ensure that inmates

receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the eighth amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-10 (1992). Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety. Farmer, 511 U.S. at 834. Deliberate indifference is more than mere negligence. Id. at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. at 837.

    **1.    Defendants Pundt and Ellison-Cook.**

Plaintiff alleges that maintenance supervisor Kimberly Pundt and safety officer Ellison-Cook were deliberately indifferent to his serious medical needs because they both knew as early as November 2010, of the hazardous and unsanitary conditions of the unsafe shower, yet they ignored any risk that the unsafe shower posed and failed to repair it.

The Fifth Circuit has recognized that an unsanitary environment can support an Eighth Amendment claim of deliberate indifference. For example, in Daigre v. Maggio, 719 F.2d 1310 (5th Cir. 1983), the Fifth Circuit wrote:

> As a safeguard against the "gratuitous infliction of suffering," the eighth amendment forbids confinement under conditions that can lead to painful and tortuous disease with no

> penological purpose. We concluded over a decade ago that the eighth amendment forbids deprivation of the basic elements of hygiene. We observed this "common thread" woven through judicial condemnations of prison conditions, noting in most of the prior cases the deprivation of facilities for elementary sanitation.

Daigre, 719 F.2d at 1312.

Plaintiff testified that, because the conditions in the unsafe shower were dangerous and unclean, he elected to bathe in his sink and toilet. He was in fear of being electrocuted when the wires were exposed, and, even after the light was repaired, he was afraid he might contract a disease due to the shower being filthy. He testified that on some occasions he was forced to use the unsafe shower, and thereafter, he contracted an eye infection.

Plaintiff also testified that, each time he complained to a security officer, the officer told him that maintenance had been advised repeatedly about the shower. In addition, other inmates complained about it. Plaintiff testified that Sergeant Ramirez reported the shower to maintenance in November 2010; however, the light was not repaired until January 15, 2011. Once the light was repaired, the unsanitary conditions were exposed, yet the shower was not cleaned until March 19, 2011. Based on their job titles of maintenance supervisor and safety officer, it appears that both Kimberly Pundt and Officer Ellison-Cook were the appropriate officials to ensure that the shower was repaired and cleaned, yet these defendants, despite being made aware of the unsafe and unsanitary conditions, ignored the risks, in deliberate indifference to plaintiff's health and safety. For purposes of § 1915A, plaintiff has stated a claim against these two defendants.

### 2. Security personnel.

Plaintiff has also named as defendants Lieutenant Pulido, Sergeant Ramirez, and Lieutenant Cabrera. Plaintiff testified that these defendants knew about the unsafe shower. However, although these defendants might have known about the unsafe conditions, plaintiff admitted that these defendants either notified the proper department to have the shower fixed, or elected to let plaintiff shower in another area or skip his shower. As such, these defendants did not disregard a serious risk or otherwise expose plaintiff to an unsafe condition in deliberate indifference to his health and safety. Indeed, it was most likely more work for these security officers to not have a working shower in their area, and they sent maintenance requests to have the shower repaired. Their actions do not demonstrate that they were deliberately indifferent to plaintiff's safety. Thus, plaintiff's claims against these defendants are dismissed.

## VI. Conclusion.

For the reasons stated above, the Court:

(1) Dismisses as duplicative plaintiff's retaliation claims against Officer Billy Raab, Officer Sylvia Jimenez, Officer Cantu, Officer Herrera, Warden Norris Jackson, Tamara McCullough, and Sandra Castaneda, as those claims are addressed in Case No. 2:11cv149;

(2) Retains plaintiff's Eighth Amendment claims against Kimberly Pundt and Officer Ellison-Cook; and

(3)     Dismisses for failure to state a claim and/or as frivolous plaintiff's claims against Lieutenant Pulido, Sergeant Ramirez, and Lieutenant Cabrea, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

ORDERED this 13th day of June, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE