UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHESTER LOWE HUFF, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-148 |
| | § | |
| KIMBERLY PUNDT, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Pending before the Court are: (1) Plaintiff's Motion for Summary Judgment seeking judgment on the Defendants' deliberate indifference to serious medical needs (D.E. 32); (2) Plaintiff's second Motion for Summary Judgment to the same effect (D.E. 39); and (3) Defendants' Motion for Summary Judgment based on qualified immunity and Plaintiff's entitlement to monetary damages (D.E. 40). On June 29, 2012, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (D.E. 45), recommending that all of the motions be denied and that this matter proceed to trial. Defendants filed their Objections (D.E. 46) on July 17, 2012 stating seven objections to the Magistrate Judge's findings and conclusions. Each will be addressed in the order briefed.

### A. Hearsay Evidence

Defendants object to the Magistrate Judge's reliance on a hearsay statement by which Officer Raab allegedly told Plaintiff that Officer Pundt had authorized the shower to be used. While the Court agrees that this constitutes inadmissible hearsay, the Court finds that it is cumulative of the abundant evidence that Officer Pundt was aware of the problems with the shower, was in a position to take action to get the problems repaired or take it out of service, but that the shower remained unrepaired and in service. Thus there was sufficient evidence to defeat Defendants' summary judgment without reference to this hearsay statement. The Court OVERRULES the first objection.

### B. Shower Condition on Extraneous Dates

Defendants object to the Magistrate Judge's consideration of the shower's condition on any date other than January 31, 2011 and February 2, 2011, the only dates on which the Plaintiff was taken to the shower by officers. Defendants argue that any other dates are irrelevant or immaterial to the complaint of unconstitutional conditions of confinement. This argument is predicated on a fundamental misrepresentation of the hygienic needs of a working and sanitary shower. While Plaintiff was taken by force to use the unsanitary and dangerous shower on two occasions (and refused to shower on at least one of those occasions), the fact that the shower was dangerous on other occasions caused him to refuse showers or to bathe in his sink and/or toilet. The condition of the shower affected his daily life whether or not he was directly exposed to it. Defendants' second objection is OVERRULED.

### C. Consideration of Other Showers

Defendants object to the Magistrate Judge's reference to multiple problems identified with respect to the shower because, they argue, the only issues identified for the only dates to be considered are the light being out and "bear wires." As discussed above, the Defendants' view of relevant dates is too narrow. The Court has reviewed Plaintiff's Exhibit J and finds sufficient support for a finding of chronic health threats posed by the shower at issue without reference to any other showers. Defendants' third objection is OVERRULED.

### D. One Day is Not Sufficiently Serious and Persistent

Defendants object that Plaintiff's complaint, treated as one compelled use of a dangerous and unsanitary shower, does not constitute a serious and persistent condition of confinement, thus raising the Plaintiff's complaint to a constitutional level. As discussed above, the Court does not accept Defendants' argument that only one or two days are at issue. There is sufficient evidence to show that the shower was unsanitary and dangerous over a period of at least four months, during which time Plaintiff was chronically without the means of taking a sanitary shower. Defendants' fourth objection is OVERRULED.

### E. Physical Injury

Defendants object that the Magistrate Judge erred in finding sufficient evidence that Plaintiff suffered a physical injury to support his claims under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). Contrary to Defendants' representation in their Objections, Plaintiff's Complaint seeks more than just compensatory damages. The

Complaint lists the following as the relief sought: unspecified damages, injunctive relief, declaratory judgment, and "any other relief I am entitle [sic] to." D.E. 1, p. 4. Defendants concede that a showing of physical injury is not necessary to support a claim for injunctive or declaratory relief. Objections, D.E. 46, p. 8. Neither is it necessary to demonstrate a physical injury pursuant to § 1997e(e) in order to recover nominal or punitive damages for a constitutional violation. *E.g.*, *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007) (collecting cases). Thus, this issue does not entitle Defendants to summary judgment dismissing Plaintiff's claims.

The narrower question is whether, under the state of this record, Defendants are entitled to summary judgment dismissing Plaintiff's claim for compensatory damages. Under summary judgment practice, the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). More specifically,

> A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Defendants did not satisfy this summary judgment burden with respect to compensatory damages.

Again, Defendants seek to tie Plaintiff's complaint to the two days he was escorted to the shower, which the Court rejects. Plaintiff has testified to the unsanitary conditions in which he lived, including not being able to bathe or bathing in his toilet. He testified

that, as a result, he suffered an eye infection for which he was given antibiotics. His eye infection is supported by medical evidence. D.E. 40-4, p. 32. Moreover, the fact that he sought and received medical attention for an infection requiring an antibiotic could be some evidence of cause with respect to unsanitary conditions.

Defendants' summary judgment acknowledges that Plaintiff did suffer an eye infection and did seek medical attention. However, based only on argument, they suggest that Plaintiff's infection or his effort to get medical attention was too late to be causally related to his months of being without sanitary bathing facilities. The Court is not required to accept Defendants' subjective interpretation of the facts when those facts could give rise to equal and opposite inferences. *N.L.R.B. v. Brookwood Furniture, Div. of U.S. Industries*, 701 F.2d 452, 467 (5th Cir. 1983) (conclusion based on timing of events could substantiate either of two equal inferences). They have not produced summary judgment evidence of any competent medical authority that defeats causation. While Defendants note that the doctor who treated Plaintiff did not provide a medical opinion supporting causation, their failure to supply an opinion defeating causation prevents summary judgment on this record. Under such circumstances, Defendants have not met their summary judgment burden.

Last, Defendants suggest that the eye infection is a *de minimis* injury. For this argument, their motion cited only Exhibit D, p. 30 (D.E. 40-4, p. 32). That is a single page of Plaintiff's medical record, which shows that Plaintiff did suffer from swelling of the left eye and cheek, that he had a sty, and that he was treated with warm compresses and both Amoxicillin and Gentak. While this is enough to show more than a *de minimis*

injury at the summary judgment stage, Plaintiff's medical records also show that he complained of this infection over three months, from April 3, 2011 to June 3, 2011, without resolution of the condition. This is sufficient to show more than a *de minimis* injury.

Thus Defendants have not shown that there is no physical injury to support compensatory damages for trial. Furthermore, no such evidence is required for Plaintiff to obtain nominal damages, punitive damages, an injunction, or a declaratory judgment. Defendants' fifth objection is OVERRULED.

### F. Medical Causation

Defendants object that the Magistrate Judge's interpretation of the facts was "speculation" or "hypothesis" in refusing summary judgment based on causation of physical injury. As demonstrated above, Defendants offered nothing better than their own "speculation" or "hypothesis" to complain of that element of proof and consequently did not sustain their summary judgment burden. The Magistrate Judge correctly demonstrated the fallacy of Defendants' argument by showing equal and opposite inferences. The Court OVERRULES Defendants' sixth objection.

### G. Objectively Reasonable Actions

With respect to their qualified immunity defense, Defendants complain that there is no genuinely disputed issue of material fact as to the objective reasonableness of their actions. They suggest that, to overcome their summary judgment motion, Plaintiff had to show that Defendants actually ordered officers to take Plaintiff to the unsanitary and dangerous shower or that they were subjectively aware that Plaintiff was being ordered to

6 / 8

use the shower before maintenance issues were completed.  The evidentiary standard is not so high.

The objective evidence shows, *inter alia*, that for the better part of five months the shower at issue had no working light and that bare electrical wires extended from the broken light fixture.  The same issue appearing on inspection after inspection is some evidence that reasonable measures were not taken to repair the shower.  Plaintiff also demonstrated that the shower was in service and he was, personally, expected to use it in its unrepaired and hazardous condition.  Defendants have offered no evidence to overcome the Plaintiff's testimony and the inspection records in this case.  Given that the Defendants' jobs involved assuring the safety of the facility and that they were provided with the inspection reports, the record contains some evidence of their failure to ensure that repairs were made and that the shower was placed out of service until the repairs were made.  Plaintiff offered sufficient evidence to defeat Defendants' summary judgment and the Court OVERRULES the Defendants' seventh objection.

### H. Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendants' Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendants' Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, the motions for summary judgment

(D.E. 32, 39, and 40) are **DENIED** and this case is ordered to proceed to trial on the merits.

ORDERED this 20th day of July, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE